# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFINA, et al., | Case No. 1:16-cv-00624-SKO (PC) |
| Plaintiffs, | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY *YOUNGER v. HARRIS*, 401 U.S. 37 (1971)** |
| v. | |
| JOHNSON., et al., | **(Doc. 1)** |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiffs, Maria Olivia Rufina, Leonel, Solorio, and Nancy Shaw, are currently proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs' Complaint is disjointed and difficult to understand, but it appears that they complain of a warrantless search and seizure without probable cause. It further appears that, as of the filing of this action, Plaintiffs are out on bail awaiting criminal trial as they seek production of a "discovery pack" related to charges for which they were apparently taken into custody.[1]

Plaintiffs' claims are not cognizable under § 1983 if the information Plaintiffs seek resulted in criminal charges in connection with ongoing criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-54, 91 S.Ct. 746 (1971) (reaffirming the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings). Under this principle, pending civil enforcement actions are "akin to"

---

[1] The allegations in the complaint are so convoluted that the Court is unable discern whether all three of the Plaintiffs were taken into custody.

criminal proceedings, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604, 95 S.Ct. 1200 (1975), and to suits challenging "the core of the administration of a State's judicial system," *Juidice v. Vail*, 430 U.S. 327, 335, 97 S.Ct. 1211 (1977).

In civil cases, *Younger* abstention "is appropriate only when the state proceedings: (1) are ongoing; (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts; (3) implicate an important state interest; and (4) allow litigants to raise federal challenges." *See Readylink Healthcare, Inc. v. State Compensation Ins. Fund,* 754 F.3d 754, 758-59 (9th Cir. 2014) citing *Sprint Communications, Inc. v. Jacobs*, ___U.S. ___, 134 S.Ct. 584, 593-94 (2013); *Gilbertson v. Albright*, 381 F.3d 965, 977-78 (9th Cir. 2004). "If these 'threshold elements' are met, we then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id.,* citing *Gilbertson*, 381 F.3d at 978, 983-84. "Each element must be satisfied, *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007), and the date for determining whether *Younger* applies is the date the federal action is filed, *Gilbertson*, 381 F.3d at 969 n. 4." *Id.*

The Complaint does not clearly state whether criminal proceedings are pending and/or ongoing. It appears that Plaintiff's intent in filing this action is to gather information relative to pending criminal charges rather than to pursue claims under § 1983. Accordingly, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiffs shall show cause in writing why this action should not be dismissed as barred by *Younger v. Harris*, 401 U.S. at 43-54, 91 S.Ct. 746 (1971).

**The failure to respond to this order will result in recommendation that this action be dismissed, without prejudice.**

IT IS SO ORDERED.

Dated:   **May 9, 2016**                                         **/s/ Sheila K. Oberto**
                                                                                   UNITED STATES MAGISTRATE JUDGE