# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFINA, et al.,<br><br>             Plaintiffs,<br><br>       v.<br><br>JOHNSON, et al.,<br><br>             Defendants. | Case No.  1:16-cv-00624-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE AS BARRED BY** ***YOUNGER v. HARRIS,*** **401 U.S. 37 (1971)**<br><br>**(Docs. 1, 6)**<br><br>**21 DAY DEADLINE** |

## INTRODUCTION

Plaintiffs, Maria Olivia Rufina, Leonel Solorio, and Nancy Shaw, are currently proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Although Plaintiffs' Complaint is disjointed and difficult to comprehend, it appears to allege a warrantless search and seizure without probable cause.  (Doc. 1.)

**I.    Findings**

**A. This Action is Barred by *Younger v. Harris***

Upon initial review, it was discovered that Plaintiffs' allegations challenge a serious rules violation on which he was found guilty.  (Doc. 1.)  It further appears that, as of the filing of this action, Plaintiffs are out on bail awaiting criminal trial as they seek production of a "discovery pack" related to charges for which they were apparently taken into custody.  (*Id.*)

As such, Plaintiffs' claims are not cognizable under § 1983 since the information Plaintiffs seek resulted in criminal charges in connection with ongoing criminal proceedings.  *See*

*Younger v. Harris*, 401 U.S. 37, 43-54, 91 S.Ct. 746 (1971) (reaffirming the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings).  Under this principle, pending civil enforcement actions are "akin to" criminal proceedings, *Huffman v. Pursue, Ltd*., 420 U.S. 592, 604, 95 S.Ct. 1200 (1975), and to suits challenging "the core of the administration of a State's judicial system," *Juidice v. Vail*, 430 U.S. 327, 335, 97 S.Ct. 1211 (1977).

On May 10, 2016, an order issued giving Plaintiffs thirty days to show cause ("OSC") why this action should not be dismissed as barred by *Younger*.  (Doc. 6.)  Plaintiffs have not responded to the OSC.

In civil cases, *Younger* abstention "is appropriate only when the state proceedings: (1) are ongoing; (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts; (3) implicate an important state interest; and (4) allow litigants to raise federal challenges." *See Readylink Healthcare, Inc. v. State Compensation Ins. Fund,* 754 F.3d 754, 758-59 (9th Cir. 2014) citing *Sprint Communications, Inc. v. Jacobs*, ___U.S. ___, 134 S.Ct. 584, 593-94 (2013); *Gilbertson v. Albright*, 381 F.3d 965, 977-78 (9th Cir. 2004). "If these 'threshold elements' are met, we then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *Id.,* citing *Gilbertson*, 381 F.3d at 978, 983-84. "Each element must be satisfied, *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007), and the date for determining whether *Younger* applies is the date the federal action is filed, *Gilbertson*, 381 F.3d at 969 n. 4." *Id.*

The Complaint does not clearly state whether criminal proceedings are pending or have been resolved.  It appears that Plaintiffs' intent in filing this action is to gather information relative to pending criminal charges rather than to pursue claims under § 1983.

## **CONCLUSION AND RECOMMENDATION**

Plaintiffs' claims appear to seek discovery of information on pending criminal charges. As such, this action is not cognizable under § 1983.  *Younger*, 401 U.S. 37.  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to state a claim upon which relief can be granted under § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 26, 2016**                                /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE